**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| UHLIG, LLC, | ) | |
| | ) | |
| Plaintiff | ) | C. A. No.: 6:08-1208-HFF |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN ADAM SHIRLEY, JOHN DOE, and | ) | **CONFIDENTIALITY ORDER** |
| JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Whereas, the parties to this Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 21st day of May 2008 ORDERED:

1.    **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2.    **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL or "CONFIDENTIAL/ATTORNEYS' EYES ONLY" prior to, or contemporaneously with, the production or disclosure of the documents except for documents produced for inspection under the "Reading Room" provisions set forth in paragraph 4 below. Inadvertent or unintentional production of documents without prior designation as confidential shall

not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3.    **Documents Which May be Designated Confidential or "Confidential/Attorneys' Eyes Only".**    Any party may designate documents as CONFIDENTIAL or CONFIDENTIAL/ATTORNEYS' EYES only but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information.  The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure.  Information or documents which are available in the public sector may not be designated as confidential.

4.    **Reading Room.**    In order to facilitate timely disclosure of large numbers of documents which may contain confidential documents, but which have not yet been reviewed and marked, the following "Reading Room" provisions may be utilized.

a.    Documents may be produced for review at a party's facility or other controlled location ("Reading Room"), prior to designation as confidential.  After review of these documents, the party seeking discovery may specify those for which further production is requested.  The producing party shall then copy the requested documents for production.  To the extent any of the requested documents warrant a CONFIDENTIAL designation, the copies shall be so marked prior to further production.

b.    Unless otherwise agreed or ordered, copies of Reading Room documents shall be requested within twenty days of review in the Reading Room and shall be produced within thirty days after the request is made.

c.     The producing party shall maintain a log of persons who have reviewed documents in the Reading Room and the dates and time of their presence.

d.     The production of documents for review within the confines of a Reading Room shall not be deemed a waiver of any claim of confidentiality, so long as the reviewing parties are advised that the Reading Room production is pursuant to this provision and that the Reading Room may contain confidential materials which have not yet been marked as confidential.

e.     Until such time as further production is made of documents reviewed in a Reading Room, the reviewing party shall treat all material reviewed as if it was marked CONFIDENTIAL ATTORNEYS' EYES ONLY at the time reviewed.

5.     **Depositions.**  Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

6.     **Protection of Confidential and Confidential Attorneys' Eyes Only Material.**

a.     **General Protections.**  Documents designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b.     **Limited Third Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and shall not disclose or permit disclosure of any documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY under the terms of this Order to any other

person or entity except as set forth in subparagraphs (1) and (3)-(5) below, and for each designation, only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements and limitations, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY pursuant to this Order:

(1)     counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2)     parties to this Order but only to the extent counsel shall certify that the specifically named individual party's assistance is necessary to the conduct of the litigation in which the information is disclosed;

(3)     court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents; (4) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(5)     other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c.     **Control of Documents.**   Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential or Confidential Attorneys' Eyes Only pursuant to the terms of this order.  Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access

to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d.    **Copies.**  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential or Confidential Attorneys' Eyes Only under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" if the word does not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

7.    **Filing of Confidential or Confidential Attorneys' Eyes Only Materials.**  In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction.   Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.  This duty exists irrespective of the duty to consult on the underlying motion.  Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.  The parties understand that documents may be filed under seal only with the

permission of the court after proper motion pursuant to Local Civil Rule 5.03.

8.      **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

9.      **Challenges to Designation as Confidential or Confidential Attorneys' Eyes Only.** Any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY designation is subject to challenge.   The following procedures shall apply to any such challenge.

a.      The burden of proving the necessity of a specific designation remains with the party asserting confidentiality.

b.      A party who contends that documents designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY are not entitled to such treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the designation.

c.      Notwithstanding any challenge to the designation of documents, all material previously designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)      the party who claims that the documents are confidential or confidential attorneys' eyes only withdraws such designation in writing;

(2)      the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential or confidential attorneys' eyes

only as set forth in paragraph 9.b. above; or

(3)     the court rules that the documents should no longer be designated as confidential or confidential attorneys' eyes only information.

d.     Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

10.     **Treatment on Conclusion of Litigation.**

a.     **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.     **Return of CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential or confidential attorneys' eyes only under this Order, including copies as defined above (¶6.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY so long as that work product does not duplicate verbatim substantial portions of the text of such documents.   This work product continues to be Confidential or Confidential Attorneys' Eyes Only under the terms of this Order.

11.     **Order Subject to Modification.**  This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

12.     **No Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

13.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**IT IS SO ORDERED.**


                                                    s/Henry F. Floyd
                                                    UNITED STATES DISTRICT JUDGE


May 21, 2008
Spartanburg, South Carolina