IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Uhlig LLC, ) | |
| ) | Civil Action No. 6:08-1208-HFF-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| John Adam Shirley, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the plaintiff's motion to compel compliance with the preliminary injunction (doc. 112). After a hearing before this court, the parties reached agreement on a number of issues. Based upon their agreement and submissions from the parties on the issues still in disagreement, the court orders as follows:

1. As of the date of this order, defendant Shirley has made available all personal computers and all other computers and/or other electronic storage devices in his possession, custody, or control, which have been used by or on behalf of him or by or on behalf of Eventelope LLC ("Eventelope") and/or Prism Content Solutions, LLC ("Prism"), at any time from December 1, 2007, through and including the present, for imaging by Frank Beal ("Beal"), a third party computer forensics expert, to whom the parties have agreed. This order specifically excludes such devices as previously have been imaged by Austin Troxell and the images turned over to the plaintiff. The images have been completed by Beal.

2. On or before December 19, 2008, defendant Shirley shall provide to counsel for the plaintiff a list of all computers and/or electronic storage devices that have been used by or on behalf of defendant Shirley, Eventelope, and/or Prism at any time from December 1, 2007, through and including the present. The list shall state which of these computers and/or electronic storage devices previously were imaged by Austin Troxell and the images turned over to the plaintiff and shall identify with specificity (including identification of the device by serial number and identification of all past and present users

of the device, with their inclusive dates of use) each computer and/or electronic storage device that is being provided to Beal for imaging pursuant to this order. If any computer or other electronic storage device has been used by or on behalf of Shirley, Eventelope, and/or Prism at any time since December 1, 2007, but is no longer in the possession, custody, or control of Shirley, Eventelope, and/or Prism, defendant Shirley shall identify each such computer and/or electronic device to the extent possible, the dates of use, and its current or last known location.

3. On or before December 12, 2008, the plaintiff shall provide search terms to Beal and to W. Francis Marion, Jr., counsel for defendants Shirley, Eventelope, and Prism ("defendants' counsel"), for the purpose of culling information and documents from the images.

4. Upon receipt of the search terms, Beal shall run a search on all imaged computers to gather all documents, whether live files, deleted files, e-mails, or other information, that contain such search terms. The documents shall be compiled in native format and kept in a manner so that the computer or electronic storage device from which each originated easily can be determined.

5. Beal shall keep a copy of native format files resulting from the above-referenced search and shall provide a copy of the same to defendants' counsel.

6. As of the date of this order, the volume of information in these native format files resulting from the above-referenced searches is unknown. Within fifteen (15) calendar days of the defendants' receipt of the native format files resulting from the above-referenced search, defendants' counsel shall review the native format files resulting from the above-referenced search and shall determine which, if any, documents defendants Shirley, Eventelope, and Prism have a good faith basis under the law for withholding from the plaintiff. All such documents that defendants' counsel asserts should be withheld shall be disclosed on a privilege log, sufficient to identify the date of creation of the document at issue, the last date on which the document was edited, all authors of the document, all

recipients of the document, the general subject matter of the document, the reason for which the document is being withheld, and the basis for any claim of privilege concerning the document. The privilege log shall be provided to counsel for the plaintiff and to Beal within fifteen (15) calendar days of the defendants' receipt of the native format files resulting from the above-referenced search. Within five (5) business days of receipt of the privilege log, Beal shall provide the plaintiff a copy of all files, in native format, resulting from the above-referenced search that are not identified on the privilege log. Should the foregoing protocol and timetable prove unworkable based upon the volume of information produced, defendants' counsel may address such with plaintiff's counsel and/or the court.

7. Counsel for the plaintiff shall identify in writing to defendants' counsel any item set forth on the privilege log to which the plaintiff objects to being withheld within fifteen (15) calendar days of the plaintiff's receipt of the privilege log. Within ten (10) calendar days of defendants' counsel's receipt of the plaintiff's written objections, the parties shall confer and attempt to resolve any dispute that exists. To the extent any item remains in dispute following a good faith effort by the parties to resolve the same, defendants' counsel shall deposit a copy of the native format of each file at issue with the court for *in camera* review. The parties shall have ten (10) calendar days from the time they confer and attempt to resolve any dispute that exists to submit any written arguments to the court regarding the specific files that remain at issue.

8. Until further order allocating a different assessment of costs relating to the expenses incurred by Beal, which the court expressly reserves the right to make, the parties shall share equally in all costs and fees charged by Beal in performing his obligations under this order.

IT IS SO ORDERED.


December 12, 2008                                       s/William M. Catoe
Greenville, South Carolina                              United States Magistrate Judge