IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UHLIG LLC, et al., | ) | **CONSENT PERMANENT INJUNCTION** |
| | ) | |
| | ) | C.A. NO.: 6:08-1208-HFF |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN ADAM SHIRLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter having come before the Court on Plaintiff, Uhlig LLC's ("Uhlig") and Defendant Nathan Holman's ("Holman") Stipulated Motion For Entry Of Consent Permanent Injunction ("Consent Injunction"). The Court, finding good cause existing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED a permanent injunction is issued in favor of Uhlig and against Holman as follows:

Holman shall not, directly or indirectly, either individually or as a principal, partner, employee, independent contractor, consultant, stockholder, member, joint venturer, or investor, engage in, assist or have any active interest in a business located anywhere in the United States that is in the business of selling, printing, providing, marketing or producing newsletters, periodicals, calendars, printed marketing materials, custom publishing services, or printed communications materials for the senior or multi-family housing industries, the childcare industry, the retail industry, or other multi-site businesses (the "Restricted Business") for a period of three (3) years from the date hereof; provided, however, that Holman will be entitled to be employed by or otherwise participate in a Restricted Business if Uhlig gives its express written consent thereto, which consent Uhlig will not unreasonably withhold, after Holman affords Uhlig thirty (30) days advance written notice of her desire to participate in the Restricted Business in question.

Holman further shall not, for a period of three (3) years from the date hereof, directly or indirectly, either individually or as a principal, partner, employee, independent contractor, consultant, stockholder, member, joint venturer, or investor, engage in, assist or have any active interest in a Restricted Business in which Defendant John Adam Shirley, Richardson, Dorsey, or Clark is involved in any way.

Holman shall not disclose or utilize in any way information belonging to Uhlig, including but not limited to information relating to Cox CustomMedia, Inc.'s ("CCM") or Uhlig's customer lists, customer information, revenues, financial projections, costs, margins, production processes, customer-specific needs, pricing, pricing methodologies or formulas, financial statements, business affairs, financial status or condition, operations, assets, liabilities, plans, strategies, initiatives, contracts, existing and ongoing transactions, business arrangements, transactions or proposals under consideration, technology and systems, personnel, proprietary know-how, data, documents, designs, photographs, plans, graphs, drawings or other proprietary information that is otherwise not generally known to the public.

For a period of three (3) years from the date hereof, Holman shall not solicit, for the purpose of selling, printing, providing, marketing, developing, or producing newsletters, periodicals, calendars, printed marketing materials, custom publishing services, or printed communications materials, any customer who has done business with Uhlig or CCM within a three (3) year period prior to the date hereof. For the same period, Holman also shall not aid or help any other business, entity, or person in soliciting or attempting to solicit, for the purpose of selling, printing, providing, marketing, developing, or producing newsletters, periodicals, calendars, printed marketing materials, custom publishing services, or printed communications materials to any customer who has done business with Uhlig or CCM within a three (3) year period prior to the date hereof. If Holman desires to solicit Restricted Business from a person or entity and wants assurance that the person or entity is not a customer who has done business with Uhlig or

CCM within a three (3) year period prior to the date hereof, Holman shall give Uhlig fifteen (15) days advance written notice of the name of the person or entity and Uhlig will, within fifteen (15) days of receipt of the notice, advise Holman in writing whether the person or entity is a customer who has done business with Uhlig or CCM within a three (3) year period prior to the date hereof. In any action for breach of this Injunction, the Court shall award attorneys' fees and costs to the prevailing party.

As this is a Consent Injunction, no bond is required.

As this Injunction concludes all claims against Holman in this action, the claims against her are concluded without prejudice upon entry of the Injunction with the Court retaining jurisdiction to enforce the Injunction, and with the claims against Holman to be considered dismissed in their entirety with prejudice upon the expiration of 30 days from the conclusion of the injunctive period referenced herein unless, before that date, Uhlig files a motion alleging a violation of this Injunction or a breach of the settlement agreement reached between them.

        SO ENTERED on this 6th day of August, 2009.

                      **s/Henry F. Floyd**
                      UNITED STATES DISTRICT COURT JUDGE

/s/Frank H. Gibbes, III
Frank H. Gibbes III (#2084)
GIBBES BURTON, LLC
308 East Saint John Street
Spartanburg, SC 29302
fgibbes@gibbesburton.com

| | |
|---|---|
| Telephone: | (864)_327-5000 |
| Facsimile: | (864)_327-500 |

and

Juliet A. Cox
Elizabeth D. Nay
KUTAK ROCK LLP
1010 Grand Blvd, Suite_500
Kansas City, MO 64111

| | |
|---|---|
| Telephone: | (816)_960-0090 |
| Facsimile: | (816)_960-0041 |

Juliet.Cox@KutakRock.com
Elizabeth.Nay@KutakRock.com

**ATTORNEYS FOR PLAINTIFF
UHLIG LLC**

**And**

/s/Amanda L. Bradley
Amanda Bradley (#10048)
P.O. Box 2980
Greenville, South Carolina 29602

**ATTORNEY FOR HOLMAN**