

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UHLIG, LLC et al., <br> Plaintiffs, | § <br> § <br> § | |
| vs. | § <br> § | CIVIL ACTION NO. 6:08-1208-HFF-WMC |
| JOHN ADAM SHIRLEY et al., <br> Defendants. | § <br> § <br> § | |

ORDER

## I.    INTRODUCTION

This case was filed as a copyright infringement action. Pending before the Court is Defendant Prism Content Solutions, LLC's (Defendant Prism) amended motion for a temporary restraining order and preliminary injunction. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the opinion of this Court that the motion will be denied.

## II.    STANDARD OF REVIEW

As observed by the Court of Appeals for the Fourth Circuit in *The Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342 (4th Cir. 2009),

> the Supreme Court [has] articulated clearly what must be shown to obtain a preliminary injunction, stating that the [movant] must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." [*Winter v. Natural Resources Defense Council, Inc.,* 129 S.Ct. 365, 374 (2008).] And all four

requirements must be satisfied. *Id.* Indeed, the Court in *Winter* rejected a standard that allowed the [movant] to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may . . . be awarded [only] upon a clear showing that the [movant] is entitled to such relief." *Id.* at 375-76.

*Real Truth About Obama*, 575 F.3d at 346.

## III. DISCUSSION AND ANALYSIS

In its motion, Defendant Prism

> moves this Court for an Order which enjoins and prevents the transfer of any documents that relate to the software developed for Prism by Todd Baldree, Level One, LLC, LI Land, LLC, LI Holdings, Inc., LI Technology, LLC (the "Baldree Defendants"), Chris Jones, and Bryan Fordham, and the application for any copyright registration in the software developed for Prism.

(Def. Prism's Am. Mot. T.R.O. and P.I. 1.) Such relief, however, is unavailable to Defendant Prism pursuant to a temporary restraining order or a preliminary injunction.

The Court of Appeals for the Fourth Circuit recently opined that

> [a] preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a clear showing that, among other things, it is likely to succeed on the merits at trial.

*Real Truth About Obama*, 575 F.3d at 345 (citations and quotation marks omitted).

In its pleading, Defendant Prism fails to seek any relief concerning either the transfer of the aforementioned documents or the copyright registration of any software developed for it that will be available after trial. But the enjoining of such transfer and copyright registration is exactly what Defendant Prism seeks. Because Defendant Prism seeks to enjoin something on a temporary basis that the Court will be unable to grant permanently after trial, the Court holds that injunctive relief

is unavailable for Defendant Prism in this instance.  Thus, Defendant Prism cannot succeed on the merits of a claim that does not exist.

As noted above, to be entitled to the injunctive relief that Defendant Prism requests, "all four requirements must be satisfied." *Id*. at 346.  Consequently, Defendant Prism's failure to meet the merits prong is fatal to its entire motion.  Although the parties make many other conflicting arguments as to the propriety of the granting of the motion, because this one determination is dispositive of the motion, the Court need neither analyze those contentions nor consider the three remaining factors here.

**IV.    CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Defendant Prism's amended motion for a temporary restraining order and preliminary injunction is **DENIED.**  The motion for a hearing on the motion is deemed **MOOT**.

In its response, Plaintiff Uhlig asks for, among other things, an Order "compelling [Defendant] Prism to produce the source code it currently is using and all related documents. . . [and] awarding [Plaintiff] Uhlig its fees in responding to this motion." (Pl.'s Resp. 15.)

Regarding the production of documents, Plaintiff Uhlig should file an appropriate motion to compel that can then be considered by the Magistrate Judge.  As to the request for fees, because the Court finds that the present motion was made in good faith, the parties will bear their own costs.

**IT IS SO ORDERED**.

Signed this 17th day of September, 2009, in Spartanburg, South Carolina.

                                          s/ Henry F. Floyd
                                          HENRY F. FLOYD
                                          UNITED STATES DISTRICT JUDGE