IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Uhlig LLC, | ) |
|                           Plaintiff, | ) Civil Action No. 6:08-1208-HFF-WMC ) ) **O R D E R** |
| vs. | ) ) |
| John Adam Shirley, et al., | ) ) |
|                          Defendants. | ) ) |

This matter is before the court on plaintiff Uhlig LLC's motion for evidentiary sanctions (Tr. 394) and the defendants' motion for sanctions for spoliation of evidence (doc. 512). On September 4, 2008, the Honorable Henry F. Floyd, United States District Judge, referred nondispositive motions to this court.

Uhlig argues that the defendants and their counsel violated court rules and committed actionable trespass under South Carolina law when, between March 28 and 30, 2009, they took photographs for evidence in this case and reviewed and removed materials found on the premises of a space leased to plaintiff Cox CustomMedia, Inc. at 111 Smith Hines Road. Accordingly, Uhlig asks that the court preclude the defendants from using as evidence in this case any information or materials acquired inside the Smith Hines Road facility. Uhlig also asks that the defendants be required to immediately return to Uhlig all documents that were removed from the facility and, further, that the defendants be required to reimburse it for all fees and costs incurred as a result of the alleged trespass.

The defendants contend that Uhlig destroyed documents at the Smith Hines Road facility that were potential evidence in this case. Accordingly, the defendants request the following: an order dismissing Uhlig's claims that are based on its allegation that defendant Shirley took confidential information, an order providing that Uhlig may not argue or present evidence tending to show that its alleged trade secret information was kept in

secure locations, a jury instruction that the jury may infer that the destroyed documents were harmful to Uhlig's case, and monetary sanctions for Uhlig's alleged spoliation of evidence and its failure to produce discovery that should have been produced more than a year ago.

This court has reviewed the memoranda and exhibits submitted by the parties. Both motions are denied at this time with leave to renew before trial.

Wherefore, based upon the foregoing, the motions (doc. 394 and doc. 512) are denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

January 14, 2010

Greenville, South Carolina