**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| UHLIG LLC, et. al. | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 6:08-cv-01208-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| JOHN ADAM SHIRLEY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendants John Adam Shirley, Eventelope LLC, and Prism Content Solutions, LLC's (collectively "Defendants") Motion to Compel Production of the Recorded Statement of Amanda Dorsey Marcengill [Doc. 699] under Rule 37 of the Federal Rules of Civil Procedure. After reviewing the motions, the record and the applicable law, Defendants' motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Amanda Dorsey ("Dorsey") is a former employee of Defendant Prism Content Solutions, LLC and a former defendant in this lawsuit. Plaintiff Uhlig LLC ("Uhlig") took her deposition on July 14, 2009. [Doc. 661-1, at 2]. Uhlig settled with Dorsey (and other co-defendants) on August 4, 2009. [Doc. 699-1]. As part of the settlement, Dorsey agreed to a consent injunction prohibiting Dorsey from working in certain businesses for a three (3) year period without written consent from Uhlig, and Dorsey agreed to cooperate with Uhlig and its counsel during the pendency of the litigation. [Doc. 699-1 at ¶3(c), ¶3(g); 699-2]. The settlement agreement also prohibits Dorsey from meeting with Defendants' counsel without notice to Uhlig and an opportunity for Uhlig to be present at any such meeting. [699-1].

On July 19, 2010, about a year after the settlement, Uhlig's counsel met with Dorsey and

1

Dorsey provided a recorded statement. [699-3; Doc. 652-2 ¶6]. Neither Defendants' counsel nor Dorsey's counsel were present. [707-1, at 3, ¶ 5].

On January 31, 2011, Uhlig filed an affidavit from Dorsey that she signed on January 18, 2011, over a year and a half after her deposition. [Doc. 652-2]. According to this affidavit, Dorsey "broke down in tears" at the July 19, 2010 meeting and stated that she provided inaccurate testimony in her deposition. [Doc. 652-2, at ¶¶5-6]. Uhlig has asserted that this affidavit "reveals that testimony provided in this case . . . was not truthful." [Doc. 652-1 p. 2]. In the affidavit, Dorsey asserts that her inaccurate testimony was a result of pressure that she felt from Defendants. [Doc. 652-2 at ¶5].

On January 31, 2011, the same day Uhlig filed Dorsey's affidavit, Uhlig provided supplemental responses to Defendant Shirley's First Interrogatories and First Request for Production identifying Dorsey as a witness with knowledge of, among other things, "misrepresentation made during discovery in this matter" and stating "that Uhlig's counsel is in possession of a recorded statement of Dorsey taken by Uhlig's counsel, and a transcript of the same, both of which are protected from disclosure by the work product doctrine and/or trial preparation privilege." [Doc. 699-4; Doc. 699-5]. Uhlig has refused to produce the recorded statement (and transcript) on that basis. [Doc. 699-4; Doc. 699-5].

Defendants' counsel has consulted with Uhlig's counsel in an attempt to resolve the issues raised in this motion. Counsel for the parties have exchanged letters, but the parties were unable to resolve the issues raised in this motion. [Doc. 699-6; Doc. 699-3].

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense- including the existence, description, nature, custody, condition and location of any books, documents or other tangible things

and the identity and location of persons who know of any discoverable matters." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. To be relevant, the discovery sought simply must be "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). If a party fails to answer an interrogatory submitted pursuant to Rule 33 of the Federal Rules of Civil Procedure or fails to produce a requested document, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3).

## DISCUSSION

Under Federal Rule of Civil Procedure 26(b)(3),

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But subject to Rule 26(b)(4), those materials may be discovered if they are otherwise discoverable under Rule 26(b)(1); and the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3). Defendants first assert that the work product rule does not protect Dorsey's recorded statement because they are not seeking Uhlig's counsel's mental impressions, opinions, or notes concerning what Dorsey said when her statement was recorded. [Doc. 699, at 3]. Defendants state that they are merely "seeking Dorsey's own words, straight from her mouth." [Doc. 699, at 3]. The work product rule protects materials that meet three elements: the materials must be "documents and tangible things; prepared in anticipation of litigation or for trial; and by or for another party or by or for that other party's representative." 8 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2024 (3d ed.); *See also Suggs v. Whitaker*, 152 F.R.D. 501, 504 (M.D.N.C. 1993). Here, the recorded statement is a document or

tangible thing prepared by Uhlig's counsel during the course of litigation and in preparation for trial; therefore, the recorded statement falls within Rule 26(b)(3)'s scope. Furthermore, the question whether the work product doctrine affords a document protection does not necessarily turn on whether the document contains an attorney's opinion or mere fact. *See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co. Inc.*, 967 F.2d, 980, 985 (4th Cir. 1992). Documents containing "opinions and theories about the litigation" are afforded the strongest protection and "discovery is refused without further inquiry." *Id*. "If opinions and theories about the litigation are only part of a document otherwise discoverable the court may require production of a redacted copy." *Id*. For "*other* documents falling within the scope of Rule 26(b)(3), the court must determine whether the requesting party has a substantial need for them, taking into account their relevance and importance and the availability of the facts from other sources." *Id*. (emphasis supplied). Because the court finds that Rule 26(b)(3) applies to Dorsey's statement, and that the statement falls within the latter category of the three listed above, in order to compel production of Dorsey's statement, Defendants must now establish both substantial need and undue hardship.

The substantial need element requires a showing that the requested documents are important, relevant, and that there are not adequate alternative means of discovering the underlying facts. *See* 23 Am. Jur. 2d *Depositions and Discovery* § 48; *National Union*, 967 F.2d at 985; *Suggs*, 152 F.R.D. at 507. Dorsey provided the recorded statement upon which her affidavit was based and in doing so stated that the testimony given during her July 14, 2009, deposition "was not forthcoming," was "based on arguments I was not comfortable with because I was scared of losing my job," and was "inaccurate." [Doc. 707-1, at 3, ¶ 5]. She further testifies in her affidavit that her "conscience would not allow me to continue hiding the fact that Uhlig had been misled under oath." [Doc. 707-1, at 3, ¶ 6]. Dorsey's statements are not only inconsistent with her deposition testimony but they also include allegations that she was under Defendants' improper influence. Courts have compelled the

4

production of documents in circumstances in which the underlying statements are inconsistent. *See Estevez v. Matos*, 125 F.R.D. 28, 31-32 (S.D.N.Y. 1989) (compelling production of witness statement where witness has given conflicting statements). Furthermore, Defendants have a substantial need for the statement given its nature and the gravity of Dorsey's allegations of improper influence. Defendants should therefore be able to inspect any information that could shed light on the accusation that Defendants improperly influenced Dorsey's testimony. Similarly, in *Estevez*, one of the issues was whether the plaintiffs attempted to influence a key witness, and one of the defendants' statements concerned an attempt by the plaintiff to induce the witness to testify in a manner favorable to the plaintiffs. *Id.* at 30 (stating that the statement at issue "concerned a solicitation attempt by [the plaintiff]" and that it "relat[ed] to possible subornation of perjury"). The court granted the plaintiffs' motion to compel the statement and found that "[t]he issue [of] whether [a key witness] was improperly influenced by anyone is too serious to be tried by guesswork." *Id.* at 32. Here, too, the issue of whether Dorsey was improperly influenced "is too serious to be tried by guesswork." *Id.*

Uhlig attempts to distinguish *Estevez* by asserting that the court in *Estevez* found "that far more is at issue here than 'mere hope' of inconsistent statements," and Uhlig argues that in the present case, Defendants are seeking the recorded statement "based on the 'mere hope' that the recorded conversation might show that Dorsey's Affidavit is inconsistent with the recorded conversation." [Doc. 707 p. 9]; *Estevez*, 125 F.R.D. at 32. The court is not persuaded by this distinction. The *Estevez* court's full explanation of why there was far more than a mere hope of inconsistent statements is instructive:

> Contrary to defendant's contentions, the record before me shows that far more is at issue here than 'mere hope' of inconsistent statements. A trial under the Federal Rules of Civil Procedure is not a game of surprises, but an effort to establish the truth

5

> on the basis of all the evidence. The issue whether Ms. Martinez was improperly influenced by anyone is too serious to be tried by guesswork.

*Estevez*, 125 F.R.D. at 32. Similar allegations of improper influence exist here, and Defendants are primarily seeking Dorsey's statement in an effort to fully understand the inconsistencies between Dorsey's present testimony and her previous deposition testimony. Here, there is far more than the "mere hope" of these inconsistencies, and Defendants are entitled to full discovery of these inconsistencies. A review of the recorded statement will enable Defendants to determine whether all of the inconsistencies have been revealed.

Plaintiff also argues, in opposition to Defendants' motion, that Defendants do not have a substantial need for the recorded statements essentially because there exists an adequate alternative to the requested statement. In support, Plaintiff relies on two cases that stand for the proposition that there is no substantial need for a document when the requesting party can depose those whose statements were taken. [Doc. 707, at 11]; *See, e.g.*, *Trammell v. Anderson College*, C.A. No. 8:05-cv-3213-HMH, 2006 WL 1997452, *2 (D.S.C. July 17, 2006) (where investigator's report was work product, and employee of investigator could be deposed, request for disclosure of report was denied); *Hohenwater v. Roberts Pharmaceutical Corp.*, 152 F.R.D. 513, 516-517 (D.S.C. 1994) (where requesting party could depose those who participated in preparation of a work product memorandum, the requesting party could not establish "substantial need" and "undue hardship" necessary to compel production of the memorandum). These cases are, however, distinguishable because they turn upon the requesting party's ability to depose the witnesses who provided statements connected with attorney work product. By contrast, in the instant case, discovery had closed by the time Uhlig took Dorsey's statement, and according to Defendants, Dorsey has refused requests to speak with Defendants. [Doc. 714, at 5]. Accordingly, the court finds that Defendants have established a substantial need for the production of Dorsey's recorded statement.

Defendants must next establish that they cannot obtain the substantial equivalent of Dorsey's recorded statement without undue hardship. Fed. R. Civ. P. 26(b)(3). Undue hardship will generally not be found where the requesting party has an opportunity to depose the witness in order to obtain the statement. *See* 8 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2025 (3d ed.). On the other hand, production of a witness statement may be compelled where the witness "may be reluctant or hostile" or where the witness "may probably be deviating from his prior statement." *See* Fed. R. Civ. P. 26, advisory committee's notes, 1970 amend., subdivision (b)(3); *see also McNulty v. Bally's Park Place, Inc.*, 120 F.R.D. 27, 30 (E.D. Pa. 1988) (compelling production of statement where "[t]he plaintiff's independent efforts to reach [the witness] have proven unavailing"); *Mitchell v. Bass*, 252 F.2d 513, 518 (8th Cir. 1958) ("The refusal of a witness to give information has been held to constitute good cause for the production of the statement given by the witness to an adverse party."); *Burns v. New York C. R. Co.*, 33 F.R.D. 309, 310 (N.D. Ohio 1963) ("Good cause is present where there is substantial inequality of investigative opportunity or where the adversary has taken statements of a witness and that witness is hostile or no longer available to the party seeking discovery . . . . The refusal to respond to the request by plaintiff's attorney for a statement is a sufficient showing of hostility on the part of this witness, who is also a company employee, to warrant a finding of good cause"). Here, Dorsey falls into the categories outlined above. As previously discussed, according to Defendants, Dorsey has not replied to multiple requests to meet with Defendants since providing her affidavit in which she attested to the fact that her deposition testimony and other assertions during the litigation were false. Consequently, Dorsey may not only be considered reluctant or even hostile, but the record also indicates that she has deviated from her prior deposition testimony. *See* Fed. R. Civ. P. 26, Advisory Committee's Notes, 1970 amend., subdivision (b)(3). Accordingly, Defendants have established that they cannot, without undue hardship, obtain the substantial equivalent to Dorsey's

recorded statement.

Because Defendants have establish both substantial need and undue hardship, the court need not address the issue of waiver. Accordingly, Defendants' motion is granted. [Doc. 699].

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Production of the Recorded Statement of Amanda Dorsey Marcengill [Doc. 699] is **GRANTED**. Plaintiff will have ten (10) days from the date of this order to produce Dorsey's recorded statement and transcript.

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>United States District Judge

June 1, 2011
Greenville, South Carolina