# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| UHLIG, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:08-cv-01208-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| JOHN ADAM SHIRLEY, PRISM CONTENT SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is currently before the court on Plaintiff Uhlig, LLC's ("Uhlig") Motion for Constructive Trust and an Accounting [Doc. 1005]. Having carefully considered this motion, the record in this case, and the applicable law, the court denies Uhlig's request for the imposition of a constructive trust and for an accounting of assets.

## FACTUAL AND PROCEDURAL BACKGROUND

Uhlig is in the business of designing and creating newsletters for residents of multi-unit residential and apartment complexes and franchise businesses throughout the United States. On February 29, 2008, Uhlig acquired substantially all of the assets of Cox CustomMedia, Inc. ("CCM") and CCM's corporate parent, Cox Newspapers, Inc. Prior to Uhlig's acquisition of CCM, Shirley was employed by CCM as its Vice President and as CCM's highest paid full-time employee. As a result of the acquisition, CCM ceased all active operations but agreed to retain all employees, including Shirley, for a period of up to four months to permit the orderly transition of its accounts to Uhlig. At the beginning of the transition period, Shirley continued acting as the Vice President, with access to all CCM information. However, Shirley abruptly resigned in March 2008 and began

1

a competing business, Defendant Prism Content Solutions, LLC. Shortly after Shirley's resignation, Uhlig discovered that Shirley had copied certain customer information from company computer files.

On April 3, 2008, Uhlig filed suit against Defendants, alleging that Shirley was using trade secrets and confidential information of CCM to solicit CCM's customers and unfairly compete against Uhlig. Uhlig asserted, *inter alia*, causes of action for misappropriation of trade secrets, breach of employment agreement, tortious interference with employment agreements, breach of fiduciary duty and/or duty of loyalty, aiding and abetting breach of fiduciary duty and/or duty of loyalty, and tortious interference with prospective contractual relationships.[1]

The matter was tried by jury in December 2011. The jury returned a verdict in favor of Uhlig on all claims and awarded damages. Uhlig filed the instant post-trial motion as a means to ensure that Defendants maintain adequate resources to satisfy the damages award rendered by the jury.

## DISCUSSION

**Uhlig's Request for an Accounting**

An accounting is an equitable remedy "designed to prevent unjust enrichment by disclosing and requiring the relinquishment of profits received as the result of a breach of a confidential or fiduciary duty." *Rogers v. Salisbury Brick Corp*., 299 S.C. 141, 144, 382 S.E.2d 915, 917 (1989). It is a remedy frequently used "(1) in actions involving long and complicated accounts where it would not be practicable for a jury to comprehend the issues and correctly make adjustment, and (2) when there is a need for a discovery." *Id*. Generally, "[a]n accounting is not available in an action

---

[1] Uhlig originally asserted several other causes of action against Defendants and various third-parties. Prior to trial, the court disposed of some claims on the parties' respective summary judgment motions. Uhlig also withdrew claims against all other defendants prior to trial and submission of the matter to the jury.

2

where the amount due is readily ascertainable." 1 AM. JUR. 2D *Accounts and Accounting* § 54. To prevail on a claim for an accounting, a plaintiff must demonstrate "the absence of an adequate remedy at law" *May v. Peninger*, No. 2:07–cv–00864–CWH, 2008 WL 509470, at *12 (D.S.C. February 22, 2008).

Uhlig requests that the court order an accounting of Defendants' revenues and assets as a remedy for Defendants' breach of trust and misappropriation of trade secrets and confidential information. Uhlig specifically asks the court to: 1) appoint a neutral accountant to perform the accounting, at the expense of Defendants; 2) order Defendants to disclose all of their financial information from March 2010 to the present, with mandatory bi-monthly supplementation; and 3) require the accountant to submit a written report to Uhlig and the court detailing the financial information disclosed by Defendants, with monthly supplementation. Uhlig contends the need for an accounting is especially important here to ensure that Defendants are not further unjustly enriched by their wrongful actions. Additionally, Uhlig complains that Defendant Shirley has not disclosed any personal financial information in this litigation and Defendant Prism has only disclosed financial information through December 2010.

The court finds that Uhlig has failed to demonstrate that an accounting is appropriate under the circumstances of this case. First, Uhlig has already obtained an adequate remedy at law through the jury's award of monetary damages as a result of Defendants' wrongful conduct. Additionally, as demonstrated by the expert testimony presented at trial, Uhlig was able to ascertain and present evidence of the amount of its loss. Upon review of Uhlig's memoranda in support of this motion, it appears that the primary purpose of Uhlig's request for an accounting at this point in the litigation is simply to obtain additional discovery which was previously disallowed by the court. The

disclosure of additional financial information from Defendants would not aid in determining the amount of damages suffered by Uhlig because the jury has already made that determination. Accordingly, because the purpose of an accounting is to determine the amount due to the aggrieved party, an accounting of assets would be improper here.

**Uhlig's Request for a Constructive Trust**

A constructive trust is a flexible remedy which may be enforced in the equitable discretion of the court to prevent unjust enrichment. *Hale v. Finn*, 388 S.C. 79, 694 S.E.2d 51, 90 (Ct. App. 2010). Such a trust is formed "entirely by operation of law without reference to any actual or supposed intentions of creating a trust." *SSI Med. Servs. v. Cox*, 301 S.C. 493, 500, 392 S.E.2d 789, 793 (1990). It "arises whenever a party has obtained money which does not equitably belong to him and which he cannot in good conscience retain or withhold from another who is beneficially entitled to it as where money has been . . . acquired through a breach of trust or the violation of a fiduciary duty." *Id*. at 500, 392 S.E.2d at 793-94. It is essential that the property subject to the trust, or the trust res, be ascertainable and sufficiently identifiable. 76 AM. JUR. 2D *Trusts* § 175.

Uhlig argues that it is necessary for this court to impose a constructive trust on Defendants' revenues and assets to prevent Defendants from dissipating their assets prior to satisfying the damage award rendered in this case. Uhlig asserts that it would be inequitable and unjust to allow Defendants to retain any ongoing benefit from their unlawful conduct. Uhlig further acknowledges that it seeks the constructive trust in an effort to conserve Defendants' assets for the satisfaction of the judgment rendered in this case. Uhlig asks this court to 1) impose a constructive trust on all of Defendants' assets and revenues, regardless of whether such assets or revenues include or are related to the misconduct at issue in this case, and require Defendants to obtain court approval for any

expenditure in excess of two thousand dollars; 2) appoint an accountant to oversee the constructive trust, at the expense of Defendants; and 3) require that all funds held in the trust be paid to Uhlig on a monthly basis to satisfy the judgment.

Here, the jury found Defendants liable for a breach of trust and that Defendants have wrongfully obtained the benefit of information belonging to Uhlig. However, Uhlig has obtained redress for their loss in the form of money damages. Although the award of monetary damages does not preclude the imposition of a constructive trust, Uhlig has not identified any particular fund or property to which the constructive trust should apply. Instead, Uhlig seeks a very broad constructive trust upon all of Defendants' assets and revenues. Additionally, while the court does posses broad discretion in the enforcement of a judgment, a constructive trust is not the appropriate method for enforcing the judgment rendered in this case. *See* Fed. R. Civ. P. 69(a) (providing that a "money judgment is enforced by a writ of execution, *unless the court directs otherwise*") (emphasis added). Therefore, the court does not find it appropriate to impose a constructive trust in this case.

## CONCLUSION

For the reasons set forth above, Plaintiff Uhlig, LLC's Motion for Constructive Trust and Accounting [Doc. 1005] is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 9, 2012
Greenville, South Carolina

5