# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| UHLIG LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 6:08-cv-01208-JMC |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| JOHN ADAM SHIRLEY, PRISM | ) |
| CONTENT SOLUTIONS, LLC, and | ) |
| EVENTELOPE, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the court on Defendants John Adam Shirley ("Shirley") and Prism Content Solutions, LLC ("Prism" and together with Shirley, "Defendants") Motion for Plaintiff to Elect and Preemption [Doc. 1000] in which Defendants seek an order of the court requiring Plaintiff Uhlig, LLC ("Uhlig") to elect one measure of recovery on the jury verdict in this case. For the following reasons, the court grants in part and denies in part Defendants' Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Uhlig is in the business of designing and creating newsletters for residents of multi-unit residential complexes and franchise businesses throughout the United States. On February 29, 2008, Uhlig acquired substantially all of the assets of Cox CustomMedia, Inc. ("CCM") and CCM's corporate parent, Cox Newspapers, Inc. Prior to Uhlig's acquisition of CCM, Shirley was employed by CCM as its Vice President and as CCM's highest paid full-time employee. As a result of the acquisition, CCM ceased all active operations but agreed to retain all employees, including Shirley, for a period of up to four months to permit the orderly transition of its accounts to Uhlig. At the beginning of the transition period, Shirley continued acting as the Vice President, with access to all

1

CCM information. However, Shirley abruptly resigned in March 2008 and began a competing business. Shortly after Shirley's resignation, Uhlig discovered that Shirley had copied certain customer information from company computer files.

On April 3, 2008, Uhlig filed suit against Defendants alleging that Shirley was using confidential and trade secret information of CCM to solicit CCM's customers and unfairly compete against Uhlig. Uhlig asserted, *inter alia*, causes of action for misappropriation of trade secrets, breach of employment agreement, tortious interference with employment agreements, breach of fiduciary duty and/or duty of loyalty, aiding and abetting a breach of fiduciary duty and/or a duty of loyalty, and tortious interference with prospective contractual relationships.[1]

The matter was tried by jury in December 2011. The jury returned a verdict in favor of Uhlig on all claims and awarded the following damage amounts for the respective claims: two hundred fifty thousand dollars ($250,000.00) actual damages for Misappropriation of Trade Secrets; one million dollars ($1,000,000.00) actual damages for Breach of Employment Agreement; two hundred ninety two thousand dollars ($292,000.00) actual damages for Tortious Interference with Employment Agreement; one million five hundred thousand dollars ($1,500,000.00) actual damages and twenty thousand dollars ($20,000.00) punitive damages for Breach of Fiduciary Duty/Duty of Loyalty; two hundred fifty thousand dollars ($250,000.00) for Aiding and Abetting a Breach of Fiduciary Duty and/or a Duty of Loyalty; one million dollars ($1,000,000.00) actual damages for Tortious Interference with Prospective Contractual Relationships. The jury also totaled the amounts it awarded for each cause of action, although the court did not instruct the jury to do so.

---

[1]Uhlig originally asserted several other causes of action against Defendants and various third-parties. Prior to trial, the court disposed of some claims on the parties' summary judgment motions. Uhlig also withdrew claims against all other defendants prior to trial and submission of the matter to the jury.

The motion currently before the court concerns Defendants' request for the court to compel Plaintiff to elect the recovery it seeks to enforce against Defendants on the jury verdict. Alternatively, Defendants ask the court for a finding that Plaintiff may not collect on each award because its common law causes of action are preempted by the South Carolina Trade Secrets Acts ("SCTSA"), S.C. Code Ann. § 39-8-10, *et seq.* (2012). Defendants further argue that the court should limit Uhlig's recovery because any aggregation of the verdict would violate Defendants' Seventh Amendment rights.

## DISCUSSION

**Election of Remedies**

"The doctrine of election of remedies involves a choice between different forms of redress afforded by law for the same injury, or different forms of proceeding on the same cause of action. Stated another way, election of remedies is the act of choosing between different remedies allowed by law on the same state of facts." *Jones v. Winn-Dixie Greenville, Inc.*, 318 S.C. 171, 175, 456 S.E.2d 429, 431-32 (Ct. App. 1995). The doctrine seeks to prevent multiple recoveries for a single wrong. *See Save Charleston Foundation v. Murray*, 286 S.C. 170, 175, 333 S.E.2d 60, 64 (Ct. App. 1985); *see also Homeland Training Center, LLC v. Summit Point Auto. Research Center*, 594 F.3d 285, 293 (4th Cir. 2010) ("The basic purpose of the doctrine is to prevent a plaintiff from obtaining a windfall recovery, either by recovering two forms of relief that are premised on legal or factual theories that contradict one another or by recovering overlapping remedies for the same legal injury"). It is applied only where the plaintiff will potentially receive duplicative compensation for the same wrongful act. *Murray*, 286 S.C. at 175, 333 S.E.2d at 64. "When an identical set of facts entitle[s] the plaintiff to alternative remedies, he may plead and prove his entitlement to either or both; however, the plaintiff may not recover both." *Id*. at 176, 333 S.E.2d at 64. "This rule rests on

the principle that the plaintiff should have a full opportunity to prove his claim to some form of relief, but he should not receive a double recovery." *Baeza v. Robert E. Lee Chrysler, Plymouth, Dodge, Inc.*, 279 S.C. 468, 473, 309 S.E.2d 763, 766 (Ct. App. 1983). However, where the plaintiff asserts separate causes of action which are based on different facts, the doctrine of election of remedies has no application and the plaintiff may recover damages on each independent cause of action. *Jones*, 318 S.C. at 175, 456 S.E.2d at 432.

The evidence deduced at trial established the following facts:

1) that Defendant Shirley had an employment agreement with CCM that prohibited him from retaining or using any of CCM's confidential or trade secret information after Shirley ceased to be employed by CCM;

2) that the employment agreement restricted Shirley's ability to hire CCM's employees;

3) that Uhlig acquired CCM's interest in the confidential and trade secret information which was covered by Shirley's employment agreement and CCM's rights in enforcing Shirley's employment agreement;

4) that Defendant Shirley resigned from his employment with CCM immediately after Uhlig acquired substantially all of the assets of CCM and during the time when CCM was under an obligation to assist Uhlig with a smooth transition of assets, including the transitioning of customer accounts;

5) that Defendant Shirley wrongfully obtained or retained confidential and trade secret information concerning CCM's customers and prospective customers;

6) that Defendant Shirley, through Defendant Prism, misappropriated CCM's confidential and trade secret information of which Uhlig became owner by virtue of the acquisition;

7) that Defendant Shirley, through Defendant Prism, solicited CCM's employees including, but not limited to Amanda Dorsey Marcengill, during the transition period;

8) that Amanda Dorsey Marcengill obtained or retained confidential and trade secret information concerning CCM's customers which she used to assist Defendants in their wrongful conduct; and

9) that Uhlig was harmed by Defendants wrongful actions and suffered a loss in the value of its acquisition of CCM and lost profits.

In the court's view, the facts of this case involve several distinct injuries which give rise to the multiple causes of action asserted in this litigation. First, Defendants took confidential and trade secret information belonging to Uhlig without authorization. Defendants also unlawfully competed with Uhlig by using the confidential and trade secret information. Additionally, Defendants wrongfully interfered in Uhlig's prospective contractual relations with customers it sought to transition from CCM. Although the causes of action asserted by Uhlig in this case have differences in the elements required to prevail on each cause of action, there is an overlap in the evidence and factual bases on which Uhlig relied to prove Defendants' liability as to each cause of action. Accordingly, the court finds that it is appropriate to require Uhlig to make an election of remedies.

In making its election of remedies, the court perceives two alternative courses of recovery. Under either alternative, Uhlig may recover for its claims of misappropriation of trade secrets and tortious interference with prospective contractual relationships. During trial, Uhlig presented evidence which distinguishes these claims from the others and which allows independent recovery under these causes of action. Uhlig submitted several compilations of information categorized as trade secrets from which it distinguished separate information which it categorized as merely confidential. Therefore, the court determines that Uhlig's claim for misappropriation of trade secrets is distinct from the claims which were premised on the use of information which was categorized

under the lesser standard for confidential information. Additionally, because the court previously found that the non-solicitation of customers provisions within the employment agreement were not enforceable, Uhlig did not have, or pursue at trial, a contractual claim based on Defendants' actions in contacting and soliciting prospective Uhlig's customers. Instead, Uhlig was free to pursue its common law claim for tortious interference with prospective contractual relationships which is not cumulative of any other claim made by Uhlig against Defendants.

However, Uhlig may not seek duplicative recovery on its claims for breach of employment agreement, tortious interference with employment agreement, breach of fiduciary duty and/or duty of loyalty, and aiding and abetting breach of fiduciary duty and/or duty of loyalty because the same facts give rise to each of the claims and because the claims simply represent alternative theories of recovery for the same injury. Specifically, the sections of Defendant Shirley's employment agreement which the court found enforceable included provisions prohibiting Shirley from retaining or using confidential information and provisions prohibiting Shirley from soliciting CCM employees. The evidence presented to support Uhlig's assertions of breach of these provisions of the employment agreement is the same evidence used to support Uhlig's causes of action against Defendant Prism for tortious interference with Shirley's employment agreement and aiding and abetting Shirley's breach of a fiduciary duty and/or a duty of loyalty. Likewise, Uhlig's claim against Defendant Prism for tortious interference with Shirley's employment agreement and for aiding and abetting Shirley's breach of fiduciary duty and/or duty of loyalty seeks duplicative recovery for the same injury as Uhlig's claim against Defendant Shirley for breach of fiduciary duty and/or duty of loyalty.

Accordingly, Uhlig may recover for both misappropriation of trade secrets and tortious interference with prospective contractual relationships. However, it must elect between the

remaining claims. Uhlig shall file a notice of election by July 23, 2012. Thereafter, the court will amend the judgment accordingly.

**Preemption**

Alternately, Defendants argue that the SCTSA preempts Uhlig's claims for breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, tortious interference with the employment agreement, and tortious interference with prospective contractual relationships.

The SCTSA "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." S.C. Code Ann. § 39-8-110 (2012). The SCTSA does not preempt causes of action which "are not dependant upon a finding that the misappropriated information constitutes 'trade secrets.'" *Nucor Corp. v. Bell*, 482 F. Supp. 2d 714, 726 (D.S.C. 2007).

In this case, Uhlig's claims for breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, tortious interference with an employment agreement, and tortious interference with prospective contractual relationships were not dependant upon a finding of the existence of a trade secret. During trial, Uhlig submitted evidence regarding both information which it construed to be a trade secret and information which it construed to be merely confidential. Accordingly, this court cannot determine that these causes of action are subsumed by the SCTSA. Furthermore, the fact that the jury found at least some existence of a trade secret does not mean that the causes of action which were premised on Defendants' use of non-trade secret information are somehow now subject to preemption. Accordingly, the court denies Defendants' request for a finding of preemption.

**Aggregation of Verdict**

Defendants also argue that the aggregation of the amounts awarded for the multiple claims on the verdict form would constitute a violation of Defendants' constitutional rights under the Seventh Amendment.

Because the court determines that Uhlig must make an election of remedies in this case, the court need not address this issue for disposition of the instant motion. To the extent that Defendants make additional arguments concerning any alleged ambiguity in the jury verdict, the court finds that those arguments are repetitive of the arguments made in support of Defendants' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial [Docs. 999 and 999-1] and are more appropriately addressed in the court's order on that motion.

## CONCLUSION

For the reasons set forth above, Defendants John Adam Shirley and Prism Content Solutions, LLC's Motion for Plaintiff to Elect and Preemption [Doc. 1000] is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 13, 2012
Greenville, South Carolina