**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| UHLIG LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:08-cv-01208-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| JOHN ADAM SHIRLEY, PRISM | ) | |
| CONTENT SOLUTIONS, LLC, and | ) | |
| EVENTELOPE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendants John Adam Shirley ("Shirley"), Prism Content

Solutions, LLC ("Prism"), and Eventelope, LLC's ("Eventelope" and together with Shirley and

Prism, "Defendants") Motion for Attorney Fees and Costs [Doc. 1011]. For the following reasons,

the court denies Defendants' Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Uhlig is in the business of designing and creating newsletters for residents of multi-unit

residential complexes and franchise businesses throughout the United States. On February 29, 2008,

Uhlig acquired substantially all of the assets of Cox CustomMedia, Inc. ("CCM") and CCM's

corporate parent, Cox Newspapers, Inc. Prior to Uhlig's acquisition of CCM, Shirley was employed

by CCM as its Vice President and as CCM's highest paid full-time employee. As a result of the

acquisition, CCM ceased all active operations but agreed to retain all employees, including Shirley,

for a period of up to four months to permit the orderly transition of its accounts to Uhlig. At the

beginning of the transition period, Shirley continued acting as the Vice President, with access to all

CCM information. However, Shirley abruptly resigned in March 2008 and began a competing business. Shortly after Shirley's resignation, Uhlig discovered that Shirley had copied certain customer information from company computer files.

On April 3, 2008, Uhlig filed suit against Defendants alleging that Shirley was using confidential and trade secret information of CCM to solicit CCM's customers and unfairly compete against Uhlig. Uhlig twice amended its complaint and ultimately asserted causes of action for: copyright infringement; violations of the Computer Fraud and Abuse Act, 18 U.S.C § 1030(g), and the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a); conversion; passing off and trademark infringement; civil conspiracy; misappropriation of corporate opportunity; misappropriation of trade secrets; breach of employment agreement; tortious interference with employment agreements; breach of fiduciary duty and/or duty of loyalty; aiding and abetting a breach of fiduciary duty and/or a duty of loyalty; and tortious interference with prospective contractual relationships against Shirley, Prism, and various other individual and corporate defendants. CCM also intervened in the action for the limited purpose of ensuring that Uhlig had standing to seek effective relief for the alleged misconduct by Defendants regarding the Employment Agreement between CCM and Shirley. In response to Uhlig's complaint and CCM's intervention in the action, Defendants asserted various counterclaims against Uhlig and CCM.

On summary judgment, the court found the non-competition and non-solicitation of advertisers and customers provisions of the Employment Agreement to be unenforceable. *See* Order on Defendants' Motion for Summary Judgment [Doc. 687]. The court also granted Defendants' request for summary judgment on Uhlig's claims for reformation of the Employment Agreement, civil conspiracy, and violations of the Computer Fraud and Abuse Act. *See* Order on Defendants'

Motion for Partial Reconsideration [Doc. 703]. In addressing Uhlig's Motion for Partial Summary Judgment, the court determined that Uhlig was entitled to summary judgment on all counterclaims asserted against it by Defendants and Eventelope, with the exception of Prism's counterclaim against Uhlig for declaratory judgment concerning the ownership of a certain source code. *See* Order on Plaintiff Uhlig, LLC's Motion for Partial Summary Judgment [Doc. 698]. Additionally, the court granted summary judgment to CCM as to all counterclaims asserted against it by Defendants and found that Uhlig had standing to enforce the Employment Agreement. *See* Order on Intervener/Plaintiff Cox Custom Media, Inc.'s Motion for Summary Judgment [Doc. 685]. The court allowed the remaining claims to proceed to trial. However, Uhlig did not pursue its claims for copyright infringement, violations of the Computer Fraud and Abuse Act and the Digital Millennium Copyright Act, conversion, passing off and trademark infringement, civil conspiracy, and misappropriation of corporate opportunity at trial. Uhlig also withdrew all claims against Eventelope prior to jury deliberations.

The matter was tried by jury in December 2011. The jury returned a verdict in favor of Uhlig on all claims. In the motion currently before the court, Defendants claim that they are entitled to an award of attorneys' fees and costs because Uhlig made claims for the misappropriation of trade secrets in bad faith, because Uhlig caused Defendants to expend resources defending frivolous claims, and because Defendants prevailed on Uhlig's copyright infringement claims.

## DISCUSSION

**Attorneys' Fees Pursuant to the South Carolina Trade Secrets Act (SCTSA)**

The SCTSA provides that "the court may award reasonable attorney's fees to the prevailing party" if "(1) a claim of misappropriation is made in bad faith, (2) a motion to terminate an

injunction is made or resisted in bad faith, or (3) willful misappropriation exists." S.C. Code Ann. § 39-8-80 (2012). Defendants contend that they are entitled to attorney's fees associated with the defense of the claims Uhlig brought against Eventelope for misappropriation of trade secrets because the claims were brought in bad faith. South Carolina courts have not addressed the standard for determining whether a claim under the SCTSA was brought in bad faith warranting attorney's fees. However, the United States District Court for the District of Maryland has discussed the bad faith standard under the Maryland Uniform Trade Secrets Act, which includes an attorney's fee provision identical to the SCTSA. *See Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts*, 222 F. Supp. 2d 733, 744 (D. Md. 2002) (discussing Md. Code. Ann. Com. Law § 11-1204 (West 2012)). In evaluating the defendants' fee request, the district court for the District of Maryland noted that a finding of bad faith required "clear evidence that the action [was] entirely without color and taken for other improper purposes." *Id*. (citing *Optic Graphics, Inc. v. Agee*, 591 A.2d 578, 588 (1991), *cert. denied*, 598 A.2d 465 (Md. 1991)). The court further commented that the "'knowing persistence in an invalid claim' demonstrates subjective bad faith" and is sufficient to warrant an award of attorney's fees under the statute. *Id*. at 745.

Defendants argue that Uhlig's claims against Eventelope were made in bad faith because Uhlig has not presented any evidence that Eventelope misappropriated any trade secrets. Defendants' position takes for granted the tortured procedural history of this case, particularly concerning the varied complications in completing discovery. Uhlig's theory of the case has always been that Shirley took certain trade secrets and used them to benefit the businesses in which he had an interest, Prism and Eventelope. Although the claims against Eventelope remained until Uhlig withdrew them just prior to submission of the case to the jury for deliberation, Uhlig was

4

substantially unable to complete the necessary discovery which would have revealed the extent of Eventelope's involvement in the misappropriation due to the parties' disputes over the proper protocol for the examination of Defendants' electronic files. This portion of discovery was not concluded until the completion of the forensic examination of Defendants' electronic files in September 2011. Based on the foregoing procedural history, the court cannot conclude that there is clear evidence that Uhlig knowingly persisted in an invalid claim against Eventelope.

Additionally, Defendants argue that they are entitled to fees because Uhlig's claims against Prism and Shirley were made in bad faith. In support of their argument, Defendants contend that Uhlig pressured Defendants' business relationships to cease association with Defendants, failed to adequately identify its trade secrets, failed to request the return of the documents prior to commencing litigation, and failed to protect the secrecy of the trade secrets. These contentions have been repeatedly rejected by this court. The fact remains that Uhlig prevailed on its claim for misappropriation of trade secrets against Prism and Shirley. Additionally, Defendants have not provided the court with any evidence of Uhlig's motive other than its intent to protect its information and to prevent Defendants from obtaining or retaining any commercial advantage from the use of the information. Therefore, Defendants are not entitled to any fees under the SCTSA.

**Attorneys' Fees Pursuant to the South Carolina Frivolous Civil Proceedings Sanction Act ("Frivolous Proceedings Act")**

Defendants also request an award of attorney's fees under the Frivolous Proceedings Act. The act allows a prevailing party to pursue sanctions against an attorney, party, or pro se litigant for a frivolous claim or defense where the court finds, by a preponderance of the evidence, that:

> (a) a reasonable attorney in the same circumstances would believe that under the facts, his claim or defense was clearly not warranted under existing law and that a

good faith or reasonable argument did not exist for the extension, modification, or reversal of existing law;

(b) a reasonable attorney in the same circumstances would believe that his procurement, initiation, continuation, or defense of the civil suit was intended merely to harass or injure the other party; or

(c) a reasonable attorney in the same circumstances would believe that the case or defense was frivolous as not reasonably founded in fact or was interposed merely for delay, or was merely brought for a purpose other than securing proper discovery, joinder of proposed parties, or adjudication of the claim or defense upon which the proceedings are based.

S.C. Code Ann. § 15–36–10(C) (2012).

The court first notes that Defendants are not entitled to any award under the Frivolous Proceedings Act because they are not a prevailing party. The Supreme Court of South Carolina has previously found that a prevailing party is "one who successfully prosecutes an action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention [and] is the one in whose favor the decision or verdict is rendered and judgment entered." *Sloan v. Friends of Hunley, Inc.*, 393 S.C. 152, 157, 711 S.E.2d 895, 897 (2011) (citing *Heath v. County of Aiken*, 302 S.C. 178, 182–83, 394 S.E.2d 709, 711 (1990)). "A court determines the prevailing party by evaluating the degree of success obtained." *Heath*, 302 S.C. at 183, 394 S.E.2d at 711. In this case, Uhlig was the prevailing party. Specifically, as to the causes of action for which Defendants claim entitlement to fees – copyright infringement, violations of the Digital Millennium Copyright Act, conversion, passing off and trademark infringement, civil conspiracy, misappropriation of corporate opportunity, breach of employment agreement, tortious interference with employment agreements, breach of fiduciary duty and/or duty of loyalty, aiding and abetting a breach of fiduciary duty and/or a duty of loyalty, and tortious interference with prospective

contractual relationships – Uhlig survived summary judgment on these claims and made a tactical decision not to pursue them at trial. Defendants have not directed the court to any evidence which would allow it to grant the remedy Defendants seek here. Accordingly, the court denies Defendants' request for attorney's fees under the Frivolous Proceedings Act.

**Attorneys' Fees Pursuant to the Federal Copyright Act**

Defendants further request that the court award them attorney's fees under the Copyright Act of 1976. Section 505 of the Act provides that, "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party….Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "The prevailing party is one who obtained an enforceable judgment against the other or other comparable relief through a consent decree or settlement." *Super Duper, Inc. v. Mattel, Inc.*, Civil Action No. 6:05-1700-HFF-WMC, 2009 WL 866463, at * 1 (D.S.C. Mar. 31, 2009) (internal quotation marks and citations omitted).

In the case at hand, Uhlig made a strategic decision not to pursue its claim under the Copyright Act. As a result, the Defendants did not receive any enforceable judgment or other comparable relief against Uhlig on the copyright infringement claim. Therefore, Defendants cannot be considered the prevailing parties and are not entitled to any recovery of fees.

**Attorneys' Fees Pursuant to the Employment Agreement**

The Employment Agreement between Shirley and CCM provides that "[t]he parties agree that in the event of any litigation arising in connection with the enforcement of this Agreement, the attorney's fees of the prevailing party shall be paid by the other party herein, unless a court otherwise awards." Defendants allege that they are entitled to attorney's fees under Shirley's Employment

Agreement because the court determined that the "Non-Competition" and "Non-Solicitation" of customers and advertisers provisions of the Employment Agreement were unenforceable.

Although the court found two provisions of the Employment Agreement to be unenforceable, the court allowed Uhlig to proceed to trial on the remaining portions of its claims against Shirley for breach of employment agreement. The jury returned a verdict in Uhlig's favor on the claim and awarded Uhlig substantial damages. Accordingly, under the standards articulated above, Uhlig is the prevailing party on the breach of employment agreement claim, and Defendants are not entitled to any fees.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion for Attorney Fees and Costs [Doc. 1011] is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 26, 2012
Greenville, South Carolina